UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER NAVARRO,

    *Plaintiff*,

v.

NANCY PELOSI, *et al.*,

    *Defendants*.

Civil Action No. 22-1519 (RDM)

## ORDER

Plaintiff's complaint in this action seeks various forms of relief, including a declaration that the House Select Committee to Investigate the January 6th Attack on the United States Capitol was improperly constituted and that the subpoena it issued to Plaintiff was unlawful; a declaration that President Biden lacks legal authority to waive any claim of executive privilege invoked by his predecessor; and—as relevant for present purposes—an injunction "enjoining [the Attorney General] from enforcing" a purported grand jury subpoena. Dkt. 1 at 77–78 (Compl., Prayer for Relief).

Local Criminal Rule 6.1 governs applications relating to matters occurring before a grand jury and provides as follows:

> A motion or application filed in connection with a grand jury subpoena or other matter occurring before a grand jury, all other papers filed in support of or in opposition to such a motion or application, and all orders entered by the Court in connection therewith, shall be filed under seal. Such a motion or application shall be assigned a Grand Jury (GJ) case number and be assigned to the Chief Judge. All hearings on matters affecting a grand jury proceeding shall be closed, except for contempt proceedings in which the alleged contemnor requests a public hearing. Papers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of

matters occurring before the grand jury.

LCrR 6.1; *see also* LCrR 57.14(b) (including, among the Chief Judge's duties, "empanel[ing] the grand jury and hear[ing] and determin[ing] all matters relating to proceedings before the grand jury"). Thus, to the extent Plaintiff seeks to challenge a purported grand jury subpoena or grand jury proceeding, he must do so in an application that is "assigned a Grand Jury . . . case number," that is referred to the Chief Judge for resolution, and that is filed under seal. It is unclear from Plaintiff's complaint, however, whether all or only some of his claims for relief are "in connection with" matters purportedly occurring before a grand jury.

Accordingly, it is hereby **ORDERED** that to the extent Plaintiff seeks relief in connection with a purported grand jury subpoena or proceeding, he shall on or before June 17, 2022, file any such application with the Chief Judge, consistent with the requirements of Local Criminal Rule 6.1; and it is further

**ORDERED** that to the extent that Plaintiff seeks relief not in connection with a purported grand jury subpoena or proceeding, Plaintiff shall on or before June 17, 2022, file an amended complaint setting forth the basis or bases for any such unrelated claim or claims.

Failure to comply with this Order may result in dismissal of Plaintiff's complaint.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: June 2, 2022